THE CASSAR LAW FIRM, P.C.
By: Christopher J. Cassar, Esq.
Attorneys for Plaintiff
13 East Carver Street
Huntington, New York 11743
(631) 271-6596
cjcassar@cassarlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X        Docket No.:
MARTA BRYCELAND,

       Plaintiff,                                                                     **COMPLAINT**

   -against-

CITY OF NEW YORK,
NEW YORK CITY POLICE OFFICER JAMES BURNS,
NEW YORK CITY POLICE OFFICER TIANA GUGLIELMO,
NEW YORK CITY POLICE OFFICER ANTHONY ROBLES,
NEW YORK CITY POLICE OFFICER JANE DOE,
NEW YORK CITY POLICE OFFICER JOHN DOE #1, and
NEW YORK CITY POLICE OFFICER JOHN DOE #2,

       Defendants.
----------------------------------------------------------------X

       The Plaintiff, MARTA BRYCELAND, through her attorneys, THE CASSAR LAW FIRM, P.C., as and for her Complaint against Defendants respectfully alleges that she was deprived her civil rights and sustained injury because of the deprivations of her civil rights as follows:

## I.
## INTRODUCTION

1.    The Defendants conspired to deprive the Plaintiff, MARTA BRYCELAND, of her civil rights and sustained injury because of the deprivations of her civil rights. The Defendants falsely arrested the Plaintiff for criminal charges and falsely prosecuted the Plaintiff, MARTA BRYCELAND, for criminal charges she did not commit.

2. On September 17, 2022, Defendant, POLICE OFFICER JOHN DOE #1, falsely arrested the Plaintiff on a fabricated accusatory instrument which was signed by Defendant, POLICE OFFICER JAMES BURNS.

3. In August 2021, Defendant, POLICE OFFICER JAMES BURNS was found guilty of police brutality by NYC Civilian Complaint Review Board because the Defendant, POLICE OFFICER JAMES BURNS, nearly killed the Plaintiff.

4. On September 17, 2022 at approximately 10:00 pm, when the Defendant, POLICE OFFICER JAMES BURNS, arrived at the 120 Police Precinct to arrest the Plaintiff, the Plaintiff had a panic attack when she saw him because the Defendant, POLICE OFFICER JAMES BURNS, had pointed a gun at the Plaintiff's head on a prior occasion.

5. On September 17, 2022 at the 120 Police Precinct, the Plaintiff started having a severe panic attack and was detained in a jail cell, the Plaintiff requested water and the Defendants cut off drinking supply to the Plaintiff. The Defendants had a prisoner next to the Plaintiff yell at the Plaintiff, and spill water on the Plaintiff (all during the panic attacks).

6. The Plaintiff yelled at the Defendant, POLICE OFFICER JAMES BURNS, told him that she didn't want to see his face and then the Defendants, POLICE OFFICER ANTHONY ROBLES and POLICE OFFICER TIANA GUGLIELMO, switched to become the Plaintiff's arresting officers and the Defendants, POLICE OFFICER ANTHONY ROBLES, and POLICE OFFICER TIANA GUGLIELMO, assaulted the Plaintiff in retaliation for yelling at Defendant, POLICE OFFICER JAMES BURNS.

7. The Defendants caused extreme emotional pain to the Plaintiff and caused the Plaintiff to suffer mental breakdown, where the Plaintiff was hurting herself by trying to punch things and the Plaintiff became dehydrated.

8. Plaintiff sustained severe physical injuries as a result of the assault and the Plaintiff is disabled due to this assault.

9. On September 17, 2022, the Defendants, POLICE OFFICER TIANA GUGLIELMO, and POLICE OFFICER ANTHONY ROBLES, prepared false accusatory instruments with accompanying supporting depositions alleging that the Plaintiff, MARTA BRYCELAND, committed crimes and filed these false accusatory instruments with the Criminal Court.

10. On September 17, 2022, the Defendants, POLICE OFFICER TIANA GUGLIELMO, and POLICE OFFICER ANTHONY ROBLES, falsely arrested the Plaintiff, MARTA BRYCELAND.

11. On or about September 18, 2022, the Plaintiff, MARTA BRYCELAND, appeared in Criminal Court in the CITY OF NEW YORK and was arraigned on the accusatory instruments and plead not guilty.

12. All criminal charges against the Plaintiff, MARTA BRYCELAND, were dismissed.

13. As a result, the Plaintiff, MARTA BRYCELAND, has suffered and continues to suffer harm, including but not limited to, physical harm and injuries that are causing pain and a disability till this day, damage to her reputation, her career as a nurse practitioner, which she was for 20 years, extreme and severe emotional distress, and is now receiving Social Security Disability as a result of the assault and embarrassment and humiliation for which she is entitled to recover damages.

## II.
## PARTIES

14. At all times pertinent to the allegations of this Complaint, the Plaintiff, MARTA BRYCELAND, is a citizen of the United States, resident of the State of New Jersey.

15. At all times pertinent to the allegations of this Complaint, the Defendant, CITY OF NEW YORK, is a municipal corporation within the State of New York and formed for the purpose of exercising such powers and discharging such duties of local government and administration of public affairs as have been conferred or imposed upon it by law.

16. At all times pertinent to the allegations of this Complaint, the Defendant, POLICE OFFICER JAMES BURNS, is and was a Police Officer employed by the Defendant, CITY OF NEW YORK, and was always acting within the scope of his employment and under color of state law.

17. At all times pertinent to the allegations of this Complaint, the Defendant, POLICE OFFICER TIANA GUGLIELMO, is and was a Police Officer employed by the Defendant, CITY OF NEW YORK, and was always acting within the scope of his employment and under color of state law.

18. At all times pertinent to the allegations of this Complaint, the Defendant, POLICE OFFICER ANTHONY ROBLES, is and was a Police Officer employed by the Defendant, CITY OF NEW YORK, and was always acting within the scope of his employment and under color of state law.

19. At all times pertinent to the allegations of this Complaint, the Defendant, POLICE OFFICER JANE DOE, is and was a Police Officer employed by the Defendant, CITY OF NEW YORK, and was always acting within the scope of her employment and under color of state law.

20. At all times pertinent to the allegations of this Complaint, the Defendant, POLICE OFFICER JOHN DOE #1, is and was a Police Officer employed by the Defendant, CITY OF NEW YORK, and was always acting within the scope of his employment and under color of state law.

21. At all times pertinent to the allegations of this Complaint, the Defendant, POLICE OFFICER JOHN DOE #2, is and was a Supervising Police Officer employed by the Defendant, CITY OF NEW YORK, and was always acting within the scope of his employment and under color of state law.

### III.
### JURISDICTION AND VENUE

22. This is an action for damages for unlawful violation of civil rights under 42 U.S.C.A. §1983 and Jurisdiction is invoked under 28 U.S.C.A. §1331.

23. Venue is proper in this District under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendants are subject to personal jurisdiction in this District at the time this action is commenced.

### IV.
### FACTS AND CIRCUMSTANCES

24. On September 17, 2022, Plaintiff went to the 120th Police Precinct, in Staten Island, with a friend to report a crime committed by the father of her child. Instead of receiving assistance, the Plaintiff was arrested for an alleged violation of an Order of Protection (OOP).

25. On September 17, 2022, the Defendant, POLICE OFFICER JOHN DOE #1, refused to file and finish the Plaintiff's report and claimed there was a warrant for Plaintiff's arrest. Plaintiff was taken into custody and placed in a cell where she was mistreated.

26. Plaintiff suffers from PTSD due to previous assaults by NYPD and on September

17, 2022, the Defendants denied the Plaintiff timely medical care despite repeated requests. medical attention was not provided until 5:00 a.m. the following day.

27. On September 17, 2022, the Defendants deprived the Plaintiff of her right to speak to her attorney during business hours making it impossible to reach him.

28. On September 17, 2022, the Defendants, along with Defendant, POLICE OFFICER JANE DOE, a female police officer and Defendant, POLICE OFFICER JOHN DOE #1, another male officer, were involved in the mistreatment.

29. On September 17, 2022, the Defendants subjected Plaintiff to harassment and physical assault by allowing another inmate who spilled water on her. The Defendants encouraged this behavior and laughed at Plaintiff's distress.

30. On September 17, 2022, when Plaintiff attempted to defend herself, the Defendants cut off her access to drinking water, causing the Plaintiff to suffer dehydration and emotional distress caused medical emergency and extreme panic attack, chest pains, physical pain, and self-injuries.

31. On September 17, 2022, when the Plaintiff experienced a panic attack, the Defendants denied the Plaintiff water despite multiple requests and denied medical attention, and denied speaking with counsel and family.

32. On September 17, 2022, the Defendants entered the cell and brutally assaulted Plaintiff by pushing her to the ground, punching her, pinching her, pulling her hair, and obstructing her breathing.

33. On September 17, 2022, the Defendant, POLICE OFFICER ANTHONY ROBLES, was the primary aggressor in obstructing Plaintiff's breathing. The Defendant, POLICE OFFICER JANE DOE, a female officer, inflicted physical pain through punching and

pulling the Plaintiff's hair.

34. Later on September 17, 2022, the Plaintiff was taken to the hospital for a panic attacks and chest pain and was not treated for physical injuries at that time and was not provided medical treatment for the physical injuries from the assault by the Defendants.

35. On September 17, 2022, the arrest of the Plaintiff was based on an alleged crime that occurred on September 12, 2022 in Roxbury, New York, but wasn't filed until days later with Defendant, POLICE OFFICER JAMES BURNS, who had pending CCRB complaint filed by the Plaintiff which is a conflict of interest. The signed criminal complaint contains fraud and is false and is also based on a 911 complaint alleging that the Plaintiff sent text messages in violation of a full OOP. However, the alleged OOP was not valid.

36. There is no evidence or probable cause that Plaintiff sent the alleged messages and at this time there was no active warrant of crimes alleged on September 12, 2022. There was no OOP active because the criminal case was dismissed and sealed. Therefore, any Order of Protection was vacated.

37. As a result of the false arrest, the Plaintiff was wrongfully and illegally held in custody at Riker's Island for fifty-four (54) days, where the Plaintiff sustained multiple assaults, including a facial fracture, concussion, and worsening vision in one eye and suffered traumatic brain injury and continual loss of vision due to trauma, and worsening vision in both eyes, and multiple other body injuries especially to the chest, neck, and generalized injuries.

38. On September 17, 2022, Defendant, POLICE OFFICER JOHN DOE #1, falsely arrested the Plaintiff on a fabricated accusatory instrument which was signed by Defendant, POLICE OFFICER JAMES BURNS.

39.     In August 2021, the Defendant, POLICE OFFICER JAMES BURNS, was found guilty of police brutality by NYC Civilian Complaint Review Board because the Defendant, POLICE OFFICER JAMES BURNS, nearly killed the Plaintiff.

40.     On September 17, 2022 at approximately 10:00 p.m., when the Defendant, POLICE OFFICER JAMES BURNS, arrived at the 120 Police Precinct to arrest the Plaintiff, the Plaintiff had a panic attack when she saw him because the Defendant, POLICE OFFICER JAMES BURNS, had pointed a gun at the Plaintiff's head on a prior occasion.

41.     On September 17, 2022 at the 120 Police Precinct, the Plaintiff started having a severe panic attack and was detained in a jail cell, the Plaintiff requested water and the Defendants cut off drinking supply to the Plaintiff.  The Defendants had a prisoner next to the Plaintiff yell at the Plaintiff, and spill water on the Plaintiff (all during the panic attacks).

42.     The Plaintiff yelled at the Defendant, POLICE OFFICER JAMES BURNS, told him that she didn't want to see his face and then the Defendants, POLICE OFFICER ANTHONY ROBLES, and POLICE OFFICER TIANA GUGLIELMO, switched to become the Plaintiff's arresting officers and the Defendants, POLICE OFFICER ANTHONY ROBLES, and POLICE OFFICER TIANA GUGLIELMO assaulted the Plaintiff in retaliation for yelling at Defendant, POLICE OFFICER JAMES BURNS.

43.     The Defendants caused extreme emotional pain to the Plaintiff and caused the Plaintiff to suffer a mental breakdown, where the Plaintiff was hurting herself by trying to punch things and the Plaintiff became dehydrated.

44.     Plaintiff's criminal charges were dismissed without a conviction.

## V.
## AS AND FOR A FIRST CAUSE OF ACTION
### (42 USC 1983 – False Arrest)

45. The Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

46. The Defendants have deprived the Plaintiff of her civil, constitutional, and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

47. The Defendants have deprived Plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that Plaintiff was falsely arrested by Defendants.

48. The Defendants unreasonably and unjustifiably confined Plaintiff.

49. The Plaintiff did not consent to her confinement.

50. The confinement was not privileged.

51. The Plaintiff has been damaged because of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## VI.
## AS AND FOR A SECOND CAUSE OF ACTION
### (42 USC 1983 – Equal Protection)

52. The Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

53. The Defendants have deprived the Plaintiff of her right to Equal Protection under the Fourteenth Amendment to the United States Constitution provides that "no state shall * * * deny to any person within its jurisdiction the equal protection of the laws."

54. The Defendants have required the Equal Protection constitutional provision from disparity in treatment, by a state or its subdivisions, between classes of individuals who are similarly situated.

55. The Defendants deprived the Plaintiff of the Equal Protection constitutional provision by from disparity in treatment between classes of individuals who are similarly situated.

56. The right to Equal Protection prohibition applies to political subdivisions of the states as well as to their officers and employees since their acts are deemed those of the state.

57. The Plaintiff has been damaged as a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## VII.
## AS AND FOR A THIRD CAUSE OF ACTION
## 42 U.S.C. § 1983 EXCESSIVE FORCE

58. The Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

59. On or about September 17, 2022, Plaintiff was taken into custody by Defendants in Staten Island.

60. While in custody, Plaintiff was denied access to a phone, preventing communication with legal counsel and family, in violation of Plaintiff's First and Fourteenth Amendment rights.

61. During the arrest and/or detention, Defendants used excessive force against Plaintiff, including but not limited to physical assault, use of restraints, etc., without justification or provocation.

62. The Plaintiff suffered physical injuries, emotional distress, and deprivation of constitutional rights as a result of Defendants' actions.

63. The Defendants acted under color of law and with deliberate indifference to Plaintiff's rights.

64. The Plaintiff has been damaged as a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## VIII.
## AS AND FOR A FOURTH CAUSE OF ACTION
### Conspiracy to Violate Civil Rights (42 U.S.C. § 1983)

65. The Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

66. The Defendants conspired to violate Plaintiff's rights by agreeing to act in concert to commit unlawful acts. Their coordinated actions caused Plaintiff harm.

67. During the arrest and/or detention, Defendants used excessive force against Plaintiff, including but not limited to physical assault, use of restraints, etc., without justification or provocation.

68 The Plaintiff suffered physical injuries, emotional distress, and deprivation of constitutional rights as a result of Defendants' actions.

69. The Defendants acted under color of law and with deliberate indifference to Plaintiff's rights.

70. The Plaintiff has been damaged as a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## XI.
## AS AND FOR A FOURTH CAUSE OF ACTION
## 42 U.S.C. § 1983 MONELL CLAIM

71.     Plaintiff repeats and realleges each and every allegation contained in the previous paragraphs of this Complaint with the same force and effect as though fully set forth herein.

72.     The Defendant, CITY OF NEW YORK, by and through its final policymakers, had in force and effect a policy, practice or custom of subjecting individuals to unlawful arrest, and of creating false documents to justify an unlawful arrest by its officers.

73.     The Defendants unlawfully used their power as law enforcement officers to arrest and charge the Plaintiff because the law enforcement connection between the Defendants and the other Defendants.

74.     The Defendants intentionally participated in the unlawful arrest of the Plaintiff and unlawful commencement of offenses against the Plaintiff in criminal court.

75.     The Defendants intentionally authorized in the unlawful arrest of the plaintiff and unlawful commencement of offenses against the Plaintiff in criminal court.

76.     The Defendants were authorized by policymakers in the unlawful arrest of the plaintiff and unlawful commencement of offenses against the Plaintiff in criminal court when this unconstitutional conduct occurred.

77.     The Defendants' actions and conduct represent official government policy against the Plaintiff.

78.     The Defendant, CITY OF NEW YORK, by and through its final policymakers, failed to adequately hire their employees to ensure that suspects would not be subjected to unlawful arrest.

79. The Defendant, CITY OF NEW YORK, by and through its final policymakers, failed to adequately supervise their employees to ensure that suspects would not be subjected to unlawful arrest and prosecution.

80. The Defendant, CITY OF NEW YORK, by and through its final policymakers, failed to adequately train their employees to ensure that suspects would not be subjected to unlawful arrest and prosecution.

81. The Defendant, CITY OF NEW YORK, by and through its final policymakers, failed to adequately discipline its employees who subjected individuals to unlawful arrest and prosecution.

82. Though it was foreseeable that constitutional violations of the type Plaintiff suffered would be a predictable result of such failures, Defendants did not rectify the problem, did not investigate, and did not institute better hiring standards and procedures, better training programs, better supervision, did not institute proper disciplinary procedures, and wholly lacked in their responsibilities to insure that their officers were acting in a constitutionally justified manner, understood what their responsibilities were to act in such manner, were trained to act in such a constitutionally proper way and were disciplined if they did not act as required.

83. Such municipal customs, practices and/or policies, and such failures in hiring, training, supervising, and disciplining its officers, amounted to deliberate indifference to the constitutional rights of individual suspects like Plaintiff and caused Plaintiff to suffer this unjustified unlawful arrest and prosecution and all the ongoing injuries and damages set forth above.

84. The Plaintiff has been damaged as a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## X.
## AS AND FOR A FIFTH CAUSE OF ACTION
### 42 U.S.C. § 1983 SUPERVISORY LIABILITY

85. Plaintiff repeats and re-alleges each and every allegation contained in the previous paragraphs of this Complaint with the same force and effect as though fully set forth herein.

86. The Defendant, CITY OF NEW YORK, by and through its supervisory officers, acting deliberately, recklessly and under color of law, were, at the relevant times, supervisory personnel with the Defendant, CITY OF NEW YORK, with oversight responsibility for training, hiring, screening, instruction, supervision, and discipline of police officer Defendants who deprived Plaintiff of her clearly established constitutional rights.

87. The Defendant, CITY OF NEW YORK, by and through its supervisory officers were personally involved in both the deprivation of Plaintiff's constitutional rights and in creating and/or condoning the policy and/or custom of failing to take preventative and remedial measures to guard against such constitutional deprivations.

88. The Defendant, CITY OF NEW YORK, by and through its supervisory officers were reckless in their failure to supervise police officer Defendants, and either knew, personally participated in and/or should have known that Defendant officers were using unlawful arrest and prosecution.

89. These supervisory Defendants knew or in the exercise of due diligence would have known that the conduct of the Defendants against Plaintiff was likely to occur.

90. The failure of these supervisory Defendants to train, supervise and discipline the named individual Defendants amount to gross negligence, deliberate indifference or intentional misconduct which directly caused the injuries and damages set forth above.

91. The Plaintiff has been damaged as a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## XI.
## AS AND FOR A SIXTH CAUSE OF ACTION
## 42 U.S.C. § 1983 FAILURE TO INTERVENE

92. Plaintiff repeats and re-alleges each and every allegation contained in the previous paragraphs of this Complaint with the same force and effect as though fully set forth herein.

93. That the Plaintiff's rights have been violated under the Fourth and Fourteenth Amendments to the United States Constitution by the individual Defendants.

94. That there exists a duty for Defendants to intervene to prevent the violation of civil rights taking place in their presence when there is a reasonable opportunity to do so.

95. An opportunity to intervene to prevent the violation of civil rights existed for the Defendants in the instant case.

96. That the Defendants, by failing in their affirmative duty to intervene are responsible for the violations of the Plaintiff's Fourth and Fourteenth Amendment rights.

97. That by reason of the failure to intervene the Plaintiff suffered injuries and damages as set forth above.

## XII.
## JURY DEMAND

98. Pursuant to the Seventh Amendment of the United States Constitution, Plaintiff requests a jury trial on all issues and claims set forth in this Complaint.

WHEREFORE, Plaintiff prays as follows:

i. That the Court award compensatory damages to her and against the Defendants, jointly and severally, in an amount to be determined at trial;

  ii. That the Court award punitive damages to them, and against all individual Defendants, in an amount to be determined at trial, that will deter such conduct by Defendants in the future;

  iii. That an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988; and

  iv. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: Huntington, New York
   September 16, 2025

                Yours, etc.,
                THE CASSAR LAW FIRM, P.C.

                By: Christopher J. Cassar, Esq.
                Attorneys for the Plaintiff
                13 East Carver Street
                Huntington, New York 11743
                (631) 271-6596
                cjcassar@cassarlaw.com
                Cassar File No: 07177

## CERTIFICATION FOR COMPLAINT

Christopher J. Cassar, being duly affirm:

That I am the Attorney for the PLAINTIFF in the within action; I have read the forgoing COMPLAINT and under Rule 11(a) I certifying that the claims are made in good faith and have evidentiary support.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows: discussions, letters, and records of the PLAINTIFF.

Dated: Huntington, New York
September 16, 2025

Christopher J. Cassar, Esq.