CHRISTOPHER J. CASSAR, P.C.
*Attorneys for Plaintiff*
13 East Carver Street
Huntington, NY 11743
(631) 271-6595 phone
(631) 351-0196 fax
CHRISTOPHER J. CASSAR, (CC-9520)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X Docket No.:
MARTA BRYCELAND,

       Plaintiff,

  -against-   *Plaintiff Demands a Trial by Jury*

**THE CITY OF NEW YORK,**
**COUNTY OF RICHMOND,**
**OFFICER JAMES BURNS,**                **AMENDED COMPLAINT**
**OFFICER MICHAEL MASSULO,**
**JANE DOE 911 OPERATOR,**
whose identities are unknown,
except to the extent that they are employees
of the **CITY OF NEW YORK**,
and/or members or personnel of the Police
Department of the **CITY OF NEW YORK,**
**COUNTY OF RICHMOND**
**THOMAS GUT**,

       Defendants.
-----------------------------------------------------------------X

    Plaintiff, MARTA BRYCELAND, by her attorney, CHRISTOPHER J. CASSAR, as and for her complaint against Defendants, THE CITY OF NEW YORK, COUNTY OF RICHMOND, OFFICER JAMES OFFICER BURNS, OFFICER MICHAEL MASSULO, JANE DOE 911 OPERATOR, whose identities are unknown except to the extent that they are employees of the

1

CITY OF NEW YORK, and/or members or personnel of the police department of the CITY OF NEW YORK, COUNTY OF RICHMOND And THOMAS GUT, respectfully alleges as follows:

## INTRODUCTION

1. This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. §1983 and arising under the Constitution of the United States, particularly the fourth and 14th Amendments to the constitution for damages against New York City Police Officers JAMES BURNS and THOMAS MASSULO, a JANE DOE 911 OPERATOR, the CITY OF NEW YORK and the COUNTY OF RICHMOND in relation to the serious misconduct of the Defendants by conspiring to intimidate, harass, and threaten the Plaintiff including pointing two guns at her head with no legitimate cause.

## JURISDICTION AND VENUE

2. This complaint is brought pursuant to 42 USC § 1983 and jurisdiction of this court is invoked under 28 U.S.C. §§ 1331 and 1343, as this case involves questions of federal law, including but not limited to, violations of the Fourth and Fourteenth Amendments to the United States Constitution under 42 U.S.C. § 1983, and other federal statutes including 18 U.S.C. §§ 241, 242, and 1509.

3. Additionally, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states, thereby establishing diversity of citizenship.

4. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district. Moreover, Defendants reside in this district and are deemed to be residents for venue purposes.

2

## THE PARTIES

5. At all times hereinafter mentioned in this Complaint, Plaintiff was and still is a resident of the County of Bergen, in the City and State of New Jersey.

6. At all times hereinafter mentioned in this Complaint, the Defendant CITY OF NEW YORK was and still is a domestic municipal corporation, duly organized and existing under the laws of the State of New York.

7. At all times relevant and material herein, the Defendant CITY OF NEW YORK operated, maintained, managed, supervised, and controlled a police department as part of and in conjunction with its municipal functions.

8. At all times hereinafter mentioned in this Complaint, the Defendant COUNTY OF RICHMOND, was and still is a domestic municipal corporation, duly organized and existing under the laws of the State of New York.

9. At all times hereinafter mentioned in this Complaint, the Defendant OFFICER JAMES OFFICER BURNS was an employee of the Police Department of the CITY OF NEW YORK, as part of and in conjunction with its municipal functions.

10. At all times hereinafter mentioned in this Complaint, the Defendant OFFICER MICHAEL MASSULO was an employee of the Police Department of the CITY OF NEW YORK, as part of and in conjunction with its municipal functions.

11. At all times hereinafter mentioned in this Complaint, the Defendant JANE DOE 911 OPERATOR was an employee of the Police Department of the CITY OF NEW YORK.

12. At all times hereinafter mentioned in this Complaint, the Defendant THOMAS GUT is an interested party in multiple criminal and civil cases as he is the father to the child the Plaintiff and THOMAS GUT have in common.

## ALLEGATIONS OF FACT

13. On September 4, 2020 a Temporary Order of Visitation was signed by Court Attorney Referee, Janet L. McFarland, Docket #V-05992-19, V-04604-19 ("Court Order") governing the visitation of the child, N.B. It was directed by the Court that "Each parent may FaceTime with the child once a day at 7pm when the child is with the other parent." The Court Order was to remain in effect until the Court directed otherwise.

14. On or about August 22, 2021 Defendant's OFFICER BURNS and THOMAS GUT, conspired with one another in order to facilitate the false arrest of the Plaintiff.

15. On or about August 24, 2021 at approximately 7pm, the Plaintiff attempted to contact the child, N.B., via FaceTime, however there was no answer.

16. After approximately 2-3 phone calls to the child that went unanswered, the Plaintiff became concerned about her daughter's well being and placed a call to JANE DOE 911 OPERATOR for a wellness check and to report a violation of the Court Order.

17. The Plaintiff provided the address of her child, 28 Beach Ave, Staten Island NY 10306, the home of the child's father THOMAS GUT, and parked her vehicle at a location nearby but not on the block of 28 Beach Ave, Staten Island, NY 10306 to wait for the Officers to arrive.

18. During a second call to the 911 JANE DOE OPERATOR, the Plaintiff was instructed to follow the marked unit and request that the officers drive away from THOMAS GUT'S home and take her report.

19. The Defendants came to a stop in front of the residence of THOMAS GUT blocking the road, and the Plaintiff pulled her vehicle behind the defendant's marked unit and idled on the street behind them.

20. The Defendants OFFICER BURNS and OFFICER MASSULO approached the passengers side window of the Plaintiff's vehicle and immediately demanded that the Plaintiff turn over the keys to her vehicle.

21. The Plaintiff, as per the JANE DOE 911 OPERATOR'S instructions, politely requested that the officers drive down the road from the residence of THOMAS GUT and up to the street corner, in order for the Plaintiff to file an incident report for custodial interference outside of the view of the Plaintiff's child who viewed the traumatizing incident.

22. This request was denied by the Defendants.

23. Defendant OFFICER BURNS became increasingly aggressive with the Plaintiff and once again demanded the Plaintiff's car keys.

24. The Plaintiff then asked the Defendants if she had committed any crime, and did not receive an affirmative answer. The Plaintiff followed up and asked the Defendant why he was demanding that the Plaintiff give him the car keys.

25. The Defendant's response was "Because I said so."

26. Defendant OFFICER MASSULO, then attempts to reach inside her vehicle in order to remove the keys from the vehicle's ignition.

5

27. At this point point, the Plaintiff demands to speak to a supervisor and the Defendants give the Plaintiff space to make that phone call.

28. The Plaintiff, who did not believe she was under arrest or being detained by the Defendants for any crime, fearing for her life and safety, attempted to drive away from the location in order to remove herself from the increasingly hostile situation.

29. Defendants OFFICER BURNS and OFFICER MASSULO were not in the pathway of the vehicle, nor in any danger of being struck by the vehicle.

30. As the Plaintiff began to drive away, Defendant OFFICER BURNS jumped in front of the Plaintiff's vehicle and with no legitimate cause or fear for his safety or the safety of anyone else, withdrew his handgun pointing the weapon at the Plaintiff's head.

31. Defendant OFFICER MASSULO followed this course of action and also withdrew his handgun, aiming the weapon at the Plaintiff's head.

32. The Plaintiff immediately stopped her vehicle, at which point Defendant OFFICER MASSULO opened the front drivers side door, grabbed the Plaintiff by her left arm and dragged her out of her vehicle. All while Defendant OFFICER BURNS continued to point his handgun at the Plaintiff who was unarmed.

33. The Defendant OFFICER MASSULO pushed the Plaintiff up against her vehicle, slamming her head on the vehicle, forcibly put the Plaintiff in handcuffs and placed her inside the marked police unit.

34. The Plaintiff suffered a concussion, the dislocation of both of her right and left shoulders and substantial cuts and scrapes on her arms as a result of this altercation.

35. The Plaintiff was then transported to Northwell Health Staten Island University Hospital.

36. Following the arrest Defendant OFFICER BURNS notified his Supervisor about the incident on his cell phone and relayed false information in order to justify the unlawful and unjustified arrest.

37. Once at the hospital, Defendant OFFICER MASSULO escorted the Plaintiff to a room and handcuffed the Plaintiff's left arm to a stretcher.

38. While at the hospital, the Plaintiff had written the report number given to her by the Captain of Defendant Officers MASSULO and BURNES after she had reported the Defendants' excessive force.

39. While the Plaintiff was handcuffed, Defendant OFFICER MASSULO took the medical records of the Plaintiff in order to review them and prevent the Plaintiff from following up on her report of excessive force.

40. The Plaintiff did not give consent to Defendant OFFICER MASSULO to review and take her medical records.

41. Plaintiff attempted to seek help for her injuries from the staff of the hospital, however she was denied her requests by the Defendants.

42. The Plaintiff asked Defendant OFFICER MASSULO if she could use the bathroom and began to sit up from her hospital bed.

43. Defendant OFFICER MASSULO then forcefully pushed the chest of the Plaintiff with both hands, causing her to suddenly fall back on the bed.

44. Defendant OFFICER MASSULO ordered that the Plaintiff must use the bedpan and urinate in front of him if she wanted to use the bathroom.

45. Witnessing this confrontation between the Defendant and the Plaintiff, a nurse employed by the hospital, stepped in and prevented the Plaintiff from having to use the bedpan.

46. On or about August 25, 2021, the Plaintiff was arraigned at the Richmond County Branch of the New York City Criminal Court on a charge that was unrelated to the Plaintiff's interaction with Defendant OFFICER BURNS and Defendant OFFICER MASSULO.

47. To the date of submitting this Complaint, there have been no criminal charges filed against the Plaintiff by the NYPD in relation to the interaction the Plaintiff had with Defendant OFFICER BURNS and Defendant OFFICER MASSULO on August 24, 2021.

48. On or about August 26, 2021, a complaint was filed by the Plaintiff to the Civilian Complaint Review Board ("CCRB") alleging three claims of Excessive Use of Force against Defendant OFFICER BURNS and two claims of Excessive Use of Force, three claims of Discourtesy, one claim of Abuse of Authority and one claim of offensive language against Defendant OFFICER MASSULO.

49. On or about August 27, 2021, an investigation was initiated by the CCRB against Defendant OFFICER BURNS and Defendant OFFICER MASSULO.

50. During the pendency of the CCRB's investigation, Defendant OFFICER MASSULO tenured his resignations to the NYPD.

51. On or about January 19, 2023, the CCRB found the allegation of excessive use of force *SUBSTANTIATED* for when Defendant OFFICER BURNS pointed his gun at the Plaintiff.

52. The CCRB categorized the claims against Defendant OFFICER MASSULO as "Miscellaneous" as Defendant OFFICER MASSULO resigned from the NYPD.

53. On or about March 26th, 2024 an administrative trial against Defendant OFFICER BURNS for his actions against the Plaintiff took place at 1 Police Plaza, NY.

54. The administrative trial subsequently came to the same conclusion as the CCRB and found in favor of the Plaintiff that Excessive Use of Force was used by Defendant OFFICER BURNS.

**FIRST CAUSE OF ACTION**
Unlawful Detention and False Arrest
42 U.S.C. § 1983

55. The above paragraphs are here incorporated by reference as though fully set forth.

56. The Defendants have deprived the Plaintiff of her civil, constitutional, and statutory rights under color of law acting in their official capacities as officers of the NYPD and are liable to Plaintiff under 42 USC §1983.

57. The Defendants have deprived Plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that Plaintiff was falsely arrested by Defendants.

58. The Defendants unreasonably and unjustifiably confined Plaintiff.

59. The Plaintiff did not consent to her confinement.

60. The confinement was not privileged.

61. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CAUSE OF ACTION
Excessive Force
42 U.S.C. § 1983

62. The above paragraphs are here incorporated by reference as though fully set forth.

63. Defendants have deprived Plaintiff of her civil, constitutional, and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

64. Defendants have deprived Plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that Defendants used excessive and unreasonable force in effecting the arrest of Plaintiff.

65. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CAUSE OF ACTION
Assault and Battery
42 U.S.C. § 1983

66. The above paragraphs are here incorporated by reference as though fully set forth.

67. Defendant had deprived Plaintiff of her civil, constitutional, and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

68. Defendant's actions before, during and after the arrest, detention and imprisonment of the Plaintiff was unlawful and unreasonable.

69. Plaintiff did not consent to the Defendant's actions.

70. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FOURTH CAUSE OF ACTION
Failure to Intervene
42 U.S.C. § 1983

71. The above paragraphs are here incorporated by reference as though fully set forth.

72. That the Plaintiff's rights have been violated under the Fourth and Fourteenth Amendments to the United States Constitution by the individual Defendants.

73. That there exists a duty for Defendants to intervene to prevent the violation of civil rights taking place in their presence when there is a reasonable opportunity to do so.

74. An opportunity to intervene to prevent the violation of civil rights existed for the Defendants in the instant case.

75. That the Defendants, by failing in their affirmative duty to intervene are responsible for the violations of the Plaintiff's Fourth and Fourteenth Amendment rights.

76. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FIFTH CAUSE OF ACTION
Malicious Prosecution
42 U.S.C. § 1983

77. The above paragraphs are here incorporated by reference as though fully set forth.

78. The Defendants maliciously and intentionally instituted and/or continued a criminal legal proceeding against the Plaintiff.

11

79. That this criminal legal proceeding against the Plaintiff was absence of probable cause.

80. The Defendants' malice was the primary purpose for the institution and/or continuation of this criminal legal proceeding.

81. That this criminal legal proceeding against the Plaintiff was terminated in the Plaintiff's favor and was dismissed.

82. As a direct or proximate result of the institution and/or continuation of this criminal legal proceeding, the Plaintiff sustained damages hereinbefore alleged.

## SIXTH CAUSE OF ACTION
Supervisory Liability
42 U.S.C. § 1983

83. The above paragraphs are here incorporated by reference as though fully set forth.

84. The Defendants, CITY OF NEW YORK and COUNTY OF RICHMOND, by and through its supervisory officers, acting deliberately, recklessly and under color of law, were, at the relevant times, supervisory personnel with the Defendants, CITY OF NEW YORK and COUNTY OF RICHMOND, with oversight responsibility for training, hiring, screening, instruction, supervision, and discipline of police officer Defendants who deprived Plaintiff of her clearly established constitutional rights.

85. The Defendants, CITY OF NEW YORK and COUNTY OF RICHMOND, by and through its supervisory officers were personally involved in both the deprivation of Plaintiff's constitutional rights and in creating and/or condoning the policy and/or custom of failing to take preventative and remedial measures to guard against such constitutional deprivations.

86. The Defendants, CITY OF NEW YORK and COUNTY OF RICHMOND, by and through its supervisory officers were reckless in their failure to supervise police officer Defendants, and either knew, personally participated in and/or should have known that Defendant officers were using unlawful arrest and prosecution.

87. These supervisory Defendants knew or in the exercise of due diligence would have known that the conduct of the Defendants against Plaintiff was likely to occur.

88. The failure of these supervisory Defendants to train, supervise and discipline the named individual Defendants amount to gross negligence, deliberate indifference or intentional misconduct which directly caused the injuries and damages set forth above.

89. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**SEVENTH CAUSE OF ACTION**
Denial of Right to a Fair Trial
42 U.S.C. § 1983

90. The above paragraphs are here incorporated by reference as though fully set forth.

91. The Defendants have deprived Plaintiff of her civil, constitutional, and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

92. The Defendants have deprived Plaintiff of her right to a fair trial, pursuant to the Sixth and Fourteenth Amendments to the United States Constitution.

93. The Defendants created false information likely to influence a judge's decision and then forwarded that information to prosecutors, resulting in Plaintiff suffering a deprivation of liberty and a violation of his rights.

13

94. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CAUSE OF ACTION
Conspiracy
42 U.S.C. § 1985

95. The above paragraphs are here incorporated by reference as though fully set forth.

96. Defendants have deprived Plaintiff of her civil, constitutional and statutory rights under color of law and are liable to Plaintiff under 42 USC 1985(3).

97. Defendants entered into an agreement or understanding, express or implied, to violate Plaintiff's constitutional rights and to accomplish an unlawful purpose, in that Defendants conspired to falsely arrest and maliciously prosecute Plaintiff and deny Plaintiff her right to a fair trial.

98. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## NINTH CAUSE OF ACTION
Malicious Abuse of Process
42 U.S.C. § 1983

99. The above paragraphs are here incorporated by reference as though fully set forth.

100. Defendants have deprived Plaintiff of her civil, constitutional, and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

101. Defendants have deprived Plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that Plaintiff suffered from Defendants' malicious abuse of process.

102. Defendants employed regularly issued legal process to compel performance or forbearance of an act, with intent to do harm to Plaintiff and without excuse or justification, and in order to obtain a collateral objective that was outside the legitimate ends of the process.

103. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## TENTH CAUSE OF ACTION
Unlawful Stop and Search
42 U.S.C. § 1983

104. The above paragraphs are here incorporated by reference as though fully set forth.

105. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiff's vehicle without reasonable suspicion or consent by the Plaintiff.

106. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein before alleged.

## JURY DEMAND

104. Pursuant to the Seventh Amendment of the United States Constitution, Plaintiff requests a jury trial on all issues and claims set forth in this Complaint.

**WHEREFORE**, Plaintiff prays as follows:

i. That the Court award compensatory damages to them and against the Defendants, jointly and severally, in an amount to be determined at trial;

ii. That the Court award punitive damages to them, and against all individual Defendants, in an amount to be determined at trial, that will deter such conduct by Defendants in the future;

15

   iii. That an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988; and

   iv. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: Huntington, New York
   October 14, 2025

                 Respectfully submitted,
                 THE CASSAR LAW FIRM, P.C.
                 *Christopher J. Cassar, Esq.*
                 By: Christopher J. Cassa, Esq.
                 *Attorneys for Plaintiff*
                 13 East Carver Street
                 Huntington, New York 11743
                 (631) 271-6596
                 cjcassar@cassarlaw.com

## CERTIFICATION

STATE OF NEW JERSEY )
                               ) ss.:
COUNTY OF BERGEN )

      MARTA BRYCELAND, being duly sworn, deposes and says:

    I am the Plaintiff in the within action; I have read the forgoing amended complaint and know the contents thereof; and the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

                                                                            _____
                                                                                MARTA BRYCELAND

Sworn to before me on this
15 day of October 2025,
_Cape May, NJ_____

17

18